NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000188
29-MAY-2019
09:27 AM

NO. CAAP-19-0000188

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTINA D. COOK, BUBBY & YUKO, LLC, EJ TROSCLAIR,
YUKO DONLEY, KARI A. THOMPSON-STUEBER, AND JEREMY E.
CHELLIN, Plaintiffs-Appellants, v. THE ASSOCIATION OF
APARTMENT OWNERS OF MT. TERRACE, Defendant-Appellee;
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 110; DOE ENTITIES 1-10; Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0125-01)

ORDER GRANTING APRIL 12, 2019 MOTION TO
DISMISS APPEAL FOR LACK APPELLATE JURISDICTION
(By:  Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Defendant-Appellee Association of
Apartment Owners of Mt. Terrace's (AOAO Mt. Terrace) April 12,
2019 motion to dismiss appellate court case number CAAP-19-
0000188 for lack of appellate jurisdiction, (2) Plaintiffs-
Appellants Christina D. Cook, Bubby & Yuko, LLC, EJ Trosclair,
Yuko Donley, Kari A. Thompson-Stueber and Jeremy E. Chellin's
(the Appellants) April 19, 2019 memorandum in opposition to AOAO
Mt. Terrace's April 12, 2019 motion, and (3) the record, it
appears that we lack appellate jurisdiction over the Appellants'
appeal from the Honorable Keith K. Hiraoka's

- October 25, 2018 interlocutory order granting AOAO
  Mt. Terrace's cross-motion for partial summary
  judgment on Count 1, Count 2 and Count 4 of the
  Appellants' four-count complaint, and

- October 25, 2018 interlocutory order denying the Appellants' motion for partial summary judgment on Count 1 of the Appellants' four-count complaint,

because the circuit court has neither adjudicated all of the claims nor reduced any of the substantive rulings to an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive rulings to an appealable final judgment pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On May 2, 2019, the circuit court clerk filed the record on appeal for CAAP-19-0000188, which does not include an appealable final judgment. The two October 25, 2018 interlocutory orders are not independently appealable. In the absence of an appealable final judgment, the Appellants' appeal is premature, and we lack appellate jurisdiction.

The case is not eligible for temporary remand to the circuit court for supplementation of the record on appeal with an appealable final judgment as to all claims and parties under Waikiki v. Ho'omaka Village Ass'n of Apartment Owners, 140

Hawai'i 197, 204, 398 P.3d 786, 793 (2017) because the circuit court has not yet adjudicated all of the multiple claims.

Appellants filed a March 29, 2019 motion to certify some of the substantive rulings for an appeal pursuant to HRCP Rule 54(b) and urge this court to defer ruling on the motion to dismiss until the Rule 54(b) motion is ruled upon. Not only does the record here lack any indication that the circuit court intends to certify the two October 25, 2018 orders for an appeal pursuant to HRCP Rule 54(b), but on April 30, 2019, the circuit court announced in minutes that it intended to deny the Appellants' March 29, 2019 motion for HRCP Rule 54(b)-certification of the two October 25, 2018 orders. Therefore, we decline to defer for any further ruling on the instant motion. A temporary remand would be inappropriate and unauthorized under HRS § 602-57(3) and the holding in Waikiki.

Therefore, IT IS HEREBY ORDERED that AOAO Mt. Terrace's April 12, 2019 motion to dismiss CAAP-19-0000188 is granted, and the case is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, May 29, 2019.

Presiding Judge

Associate Judge

Associate Judge